UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____
(USDC CD Cal. Case No. 2:13-cv-03455)-JAK (SS))

LIFE ALERT EMERGENCY RESPONSE, INC.,

    Movant and Subpoenaing Party,

vs.

ELLICK BPO SOLUTIONS INC.,

    Non-Movant and Subpoena Recipient.
_____/

**PLAINTIFF LIFE ALERT EMERGENCY RESPONSE, INC.'S NOTICE OF MOTION AND MOTION TO ENFORCE FED.R.CIV.P. 45 SUBPOENA FOR THE PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS AND SUPPORTING MEMORANDUM**

Pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Local Rule 7.1(a)(3), and other applicable law, Plaintiff Life Alert Emergency Response, Inc. ("Life Alert") moves for the entry of an order requiring Ellick BPO Solutions Inc. ("Ellick") to fully comply with the Fed.R.Civ.P. 45 subpoena properly served on it by Life Alert. In support of its motion, Life Alert states:

    1.    Life Alert is the plaintiff in an action currently pending in the United States District Court for the Central District of California, which was filed against, *inter alia*, Ellick's employer, defendant LifeWatch, Inc. ("LifeWatch").[1] On June 27, 2014, Life Alert properly served a Fed.R.Civ.P. 45 subpoena on Ellick, requiring the production of documents responsive to the Subpoena no later than <u>July 18, 2014</u> (the "Subpoena"). Ellick did not serve any objections or otherwise respond to the Subpoena before the July 18, 2014 deadline, nor did

---

[1]     *Life Alert Emergency Response, Inc. v. Connect America.com LLC, et. al*, Case No. 2:13-cv-03455-JAK-SS (the "California Action").

Ellick ever contact Life Alert to request an extension of its time to respond beyond July 18, 2014.

2. Ellick has never attempted to respond to the Subpoena at any time since, nor did it file a motion to quash at any time. To date, Ellick has not produced a single responsive document in connection with the Subpoena.

3. While Ellick has failed altogether to honor its discovery obligations, it has been assisting LifeWatch in defending the California Action by, *inter alia*, executing a conclusory declaration denying wrongdoing. Despite this, Ellick has refused to provide even the documents that support the denials in its declaration.

4. On December 10, 2014, Life Alert attempted to meet and confer with Ellick regarding its failure to respond, object, or produce documents responsive to the Subpoena. At that time, Life Alert requested that Ellick produce *all* documents requested in the Subpoena without objection (given that all of Ellick's objections had been waived) no later than December 17, 2014. Life Alert informed Ellick that its continuing failure to comply with the Subpoena would result in the filing of a motion to compel. Ellick failed to respond to Life Alert's December 10, 2014 meet and confer letter.

5. This motion is necessitated by Ellick's continuing, wholesale failure to respond to Life Alert's requests for a document production in response to the Subpoena. Ellick has not objected to any of the requests in Life Alert's Subpoena and, accordingly, has waived all objections to the Subpoena. Ellick must therefore produce *all* responsive documents without objection. The Court should order Ellick to do so, since Ellick has completely ignored Life Alert's requests for production, as well as Life Alert's subsequent attempts to meet and confer regarding LifeWatch's failure to comply with the Subpoena. Ellick's blatant refusal to honor its

discovery obligations while simultaneously providing assistance to LifeWatch in the California Action should not be countenanced by the Court.

**WHEREFORE**, and for the reasons set forth in the attached Memorandum of Law, Life Alert seeks an order:  (1) directing Ellick to comply with the Subpoena, to produce *all* responsive documents without objection, and to verify, under oath, that all responsive documents have been produced; and (2) granting such other and further relief as the Court deems just and proper.

## MEMORANDUM

### I.     INTRODUCTION

Plaintiff and movant Life Alert Emergency Response, Inc. ("Life Alert") is a nationally-recognized leader in the field of personal emergency response services and related products, and has been for decades.  Life Alert owns valuable trademarks associated with its personal emergency response business, and has spent millions of dollars and dozens of years building goodwill in its brand and trademarks.

One of Life Alert's competitors, defendant LifeWatch, Inc. ("LifeWatch"), has been involved in a nationwide scam through which LifeWatch and its outside sellers/telemarketers (such as Ellick BPO Solutions Inc. ("Ellick")) dupe unassuming senior citizens into purchasing LifeWatch's competing goods and services by infringing Life Alert's trademarks, creating a false association or connection with Life Alert, and engaging in other unfair competition and illegal conduct.  Life Alert has filed a lawsuit in United States District Court for the Central District of California (the "California District Court") against LifeWatch and others entitled *Life Alert Emergency Response, Inc. v. Connect America.com LLC, et. al*, Case No. 2:13-cv-03455-JAK-SS (the "California Action").

In connection with the California Action, Life Alert has sought discovery from Ellick via a subpoena for the production of documents and tangible things pursuant to Rule 45 of the

Federal Rules of Civil Procedure ("Fed.R.Civ.P."), which Life Alert properly served on Ellick on June 27, 2014 (the "Subpoena"). (*See* Ex. A.)[2] Ellick did not object to the Subpoena, nor did it produce any documents in response to the Subpoena, as it was commanded and required to do by July 18, 2014. Ellick has therefore waived any and all objections to the Subpoena. Ellick has also ignored all of Life Alert's attempts to meet and confer with it regarding Ellick's continuing refusal to comply with its obligations under Fed.R.Civ.P. 45.

While Ellick has failed altogether to honor its discovery obligations, it has been assisting LifeWatch in defending the California Action by, *inter alia*, executing a conclusory declaration denying wrongdoing. Despite this, Ellick has refused to provide even the documents supporting the denials in its declaration.

Accordingly, the Court should grant Life Alert's motion and compel Ellick to produce *all* documents responsive to the Subpoena *without objection* and to verify, under oath, that all responsive documents have been produced.

## II.   STATEMENT OF FACTS[3]

### A.   Life Alert, Its Famous Trademarks, And The Infringement Of Life Alert's Trademarks By LifeWatch And Ellick

Life Alert has provided personal emergency response services and related products for senior citizens on a 24 hour-a-day, 7 day-a-week basis for over 25 years. (Ex. B at ¶ 18.)[4] Life

---

[2]   References to "Ex. A" are to the Subpoena and Affidavit of Service, true and correct copies of which are attached hereto as **Exhibit A**.

[3]   The following background facts regarding the fame of Life Alert's trademarks, the alleged infringement scheme by LifeWatch and its outside sellers/telemarketers, and the California District Court's order granting a preliminary injunction against LifeWatch and its agents are not critical to the Court's determination of the instant motion. Rather, they are provided simply to shed light on how the discovery at issue here ties into the underlying case.

Alert owns valuable and enforceable trademark rights to many well-known marks associated with its medical alert products and services, including the registered trademarks LIFE ALERT and I'VE FALLEN AND I CAN'T GET UP! (*Id.* at ¶¶ 19-25.) Life Alert's trademarks are famous and instantly recognizable as being associated with the high-quality goods and services of Life Alert. (*Id.*)

Since at least June 2012, LifeWatch has been involved in a nationwide illegal phone call scam targeting senior citizens. (Ex. B at ¶¶ 64, 66-67.) As part of that scam, LifeWatch and its outside sellers/telemarketers pursue unsuspecting seniors with unsolicited automated phone calls made with recorded messages (commonly known as "robo-calling"), including phone calls to persons on government "Do Not Call" lists. (*Id.* at ¶ 64.) During these robo-calls, LifeWatch and its outside sellers/telemarketers wrongfully use Life Alert's famous trademarks, falsely indicate that they work with "Life Alert" or with the "I've Fallen and I Can't Get Up!" company (*i.e.*, Life Alert), and make other material misrepresentations to dupe unsuspecting consumers into buying personal emergency response products and services from LifeWatch. (*Id.* at ¶¶ 64-76.)

On May 14, 2013, Life Alert filed a complaint against LifeWatch and other defendants, arising out of LifeWatch's illegal telemarketing scheme and wrongful attempts to unfairly trade on the Life Alert brand. On August 28, 2013, Life Alert filed an amended complaint, which is the operative complaint in the California Action.

---

[4]   References to "Ex. B" are to the amended complaint that Life Alert filed in the California Action on August 28, 2013, a true and correct copy of which is attached hereto as **Exhibit B**. The amended complaint is the operative complaint in the California Action.

B.   **The Preliminary Injunction Order Against LifeWatch**

After repeated (unsuccessful) attempts to stop LifeWatch and its agents from blatantly infringing on Life Alert's trademarks, Life Alert filed a motion for a temporary restraining order and preliminary injunction against LifeWatch.

One of the central issues the parties litigated in connection with the preliminary injunction motion was the extent to which LifeWatch directs, controls, and/or monitors the efforts of outside sellers/telemarketers (like Ellick) who are selling or have sold products on LifeWatch's behalf. LifeWatch has entered into agreements with its outside sellers/telemarketers (sometimes referred to by LifeWatch as "Purchase Agreements" and "Insertion Orders"), which purport to set forth the terms on which the outside sellers/telemarketers provide services to LifeWatch. These agreements constitute one form of evidence regarding the nature and extent of LifeWatch's knowledge and control of its outside sellers/telemarketers' unlawful acts. Relying on these agreements, the California District Court found that there is sufficient evidence to show that LifeWatch had the requisite knowledge and control of its outside sellers/telemarketers' unlawful acts to support claims of contributory infringement and vicarious liability against LifeWatch. As the California District Court observed:

> [LifeWatch] reviews recordings to ensure that the communications to potential customers are not misleading. It has the right to indemnify, and can seek remedies should the Sellers engage in any improper marketing or sales activities, including ones that would infringe [Life Alert's] trademarks. It also has knowledge that certain third parties with whom it previously contracted made misstatements in connection with the sale of [LifeWatch's] products and services. Therefore, [Life Alert] has sufficiently established a likelihood of success on the merits as to [its contributory infringement claim].
>
> [T]here is sufficient evidence to show that [Life Alert] is likely to prevail on the merits as to its claims that [LifeWatch] continues to exercise substantial control over the Sellers and thereby over the telemarketers whom they engage. [LifeWatch] continues to

> monitor the content of the communications between telemarketers and consumers … [LifeWatch] also has the apparent ability, under the terms of its Purchase Agreements with the Sellers, to call for a modification of the content so that it conforms to the terms of these agreements, *e.g.*, that the Sellers comply with all applicable laws in connection with sales to consumers and present scripts to the telemarketers as part of ensuring such compliance. Moreover, [LifeWatch] may terminate its relationship with the Sellers to the extent that the marketing and sales activities for which they contract violate relevant laws.

(Ex. C at 14-16.)[5]

Based on these findings, the California District Court *granted* Life Alert's motion for preliminary injunction and enjoined LifeWatch (and its subsidiaries, officers, directors, employees, successors and related companies) from: (i) using Life Alert's trademarks; (ii) working, through contract or other agreement, with an person or entity whom any of them know or should know is providing telemarketing services by using any of Life Alert's trademarks; (iii) having LifeWatch acquire any customer or customer accounts that LifeWatch knows or should know were obtained through the use of Life Alert's trademarks; (iv) representing or implying that LifeWatch, or any of its products or services, is in any way sponsored by, affiliated with, or endorsed or licensed by Life Alert; (v) manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or rendering any services using Life Alert's trademarks; and (vi) knowingly assisting, inducing, aiding, or abetting any other person or business entity engaging in or performing any of the above activities (the "Injunction Order").

The California District Court further ordered LifeWatch to provide all those with whom it has entered into so-called "Purchase Agreements" or similar contracts (*i.e.*, its outside sellers)

---

[5] References to "Ex. C" are to the Minute Order Re Plaintiff's Motion For A Preliminary Injunction issued by the California District Court on May 13, 2014, a true and correct copy of which is attached hereto as **Exhibit C**.

with notice of the Injunction Order by providing a copy of it to them, and directing such persons or entities to make the same notification to those with whom each contracts with respect to the promotion and sale of LifeWatch products and services (*i.e.*, its telemarketers). (Ex. D at 1-2.)[6]

### C. Life Alert Seeks Discovery From Ellick In Connection With Its Role In The California Action

During discovery in the California Action, LifeWatch identified Ellick as one of the outside sellers/telemarketers that LifeWatch employs to sell its products and services.

On June 27, 2014, Life Alert served the Fed.R.Civ.P. 45 Subpoena on Debra Ellick, Ellick's authorized agent for service. (*See* Ex. A.) The response deadline was set for July 18, 2014. Ellick did not serve any objections or otherwise respond to the Subpoena before the July 18, 2014 deadline, nor did Ellick ever contact Life Alert to request an extension of its time to respond. Ellick has never attempted to respond to the Subpoena at any time since the July 18, 2014 deadline, nor has it ever filed a motion to quash. *Ellick has not produced a single responsive document in connection with the Subpoena*.

While Ellick has failed altogether to honor its discovery obligations, it has been assisting LifeWatch in defending the California Action by, *inter alia*, executing a conclusory declaration denying wrongdoing.[7] Despite this, Ellick has refused to provide even the documents supporting the denials in its declaration, although they are responsive to the Subpoena.

---

[6] References to "Ex. D" are to the Order Re Preliminary Injunction issued by the California District Court on May 13, 2014, a true and correct copy of which is attached hereto as **Exhibit D**.

[7] Because the declaration submitted by Quinton Ellick, Director of Operations for Ellick, was designated by LifeWatch as "attorneys' eyes only," Life Alert has not attached it as an exhibit hereto. However, what is germane to the Court's determination of the instant motion is the fact that Ellick has assisted in LifeWatch's defense by providing a declaration, while simultaneously refusing to comply with the Subpoena; the substance (or lack thereof) of Ellick's declaration is not of consequence here.

On December 10, 2014, Life Alert attempted to meet and confer with Ellick regarding its failure to respond, object, or produce documents responsive to the Subpoena. Life Alert informed Ellick that in light of its failure to respond and/or object to the Subpoena or to produce any responsive documents at all, Ellick had waived all objections to the Subpoena. Accordingly, Life Alert requested that Ellick produce *all* documents requested in the Subpoena (without objection) no later than <u>December 17, 2014</u>.[8] At that time, Life Alert notified Ellick that if it did not fully comply with the Subpoena, Life Alert would "be forced to seek judicial intervention, including, but not limited to, sanctions against Ellick and Life Alert's attorneys' fees and costs incurred in filing a motion to compel." (Ex. E at 1.) Once again, Ellick did not respond.

To date, Ellick still has not responded or produced any documents or tangible things in response to the Subpoena.

### III.   DISCOVERY AT ISSUE[9]

On June 27, 2014, Life Alert served the following document requests on Ellick, responses to which were due no later than July 18, 2014, but have never been provided. Life Alert attempted to meet and confer with Ellick and gave Ellick until December 17, 2014, to comply with the Subpoena, but was again met with total silence from Ellick. At that point, it became clear that Court intervention would be necessary to compel Ellick's compliance with the Subpoena.

**REQUEST FOR PRODUCTION NO. 1:**

Copies of all telemarketing scripts used or intended to be used by YOU in connection with the sale of LIFEWATCH products or services.

**REQUEST FOR PRODUCTION NO. 2:**

---

[8]   A true and correct copy of the December 10, 2014 correspondence between Life Alert and Ellick is attached hereto as **Exhibit E**.

[9]   Terms in all capital letters are defined in the Subpoena attached hereto as Exhibit A.

Communications of any kind (email, text messages, letters, Skype transcripts, etc.) between YOU and LIFEWATCH relating to any telemarketing scripts used or intended to be used by YOU in connection with the sale of LIFEWATCH products or services.

**REQUEST FOR PRODUCTION NO. 3:**

Copies of all radio, television, internet and print advertising used by YOU to originate customer accounts for LIFEWATCH at any time during the period beginning 2011 to the present.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS which constitute, reflect or refer to communications of any kind (including, but not limited to, email, text messages, letters, Skype transcripts, etc.) between LIFEWATCH or anyone on its behalf, on the one hand, and YOU or anyone on YOUR behalf, on the other hand, relating to advertising used by YOU to originate customer accounts for LIFEWATCH.

**REQUEST FOR PRODUCTION NO. 5:**

All declarations or affidavits signed by YOU that YOU provided to LIFEWATCH and any drafts thereof.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS which constitute, reflect or refer to communications of any kind (email, text messages, letters, Skype transcripts, etc.) between LIFEWATCH or anyone on its behalf, on the one hand, and YOU, or anyone on YOUR behalf, on the other hand relating to any declaration or affidavit signed by YOU or any drafts thereof.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS which constitute, reflect or refer to communications of any kind (including, but not limited to, email, text messages, letters, Skype transcripts, etc.) between LIFEWATCH or anyone on its behalf, on the one hand, and YOU or anyone on YOUR behalf, on the other hand, relating to the Order Re: Preliminary Injunction issued against LIFEWATCH, a copy of which is attached hereto as **Exhibit A**.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS which constitute, reflect or refer to communications of any kind (email, text messages, letters, Skype transcripts, etc.) between LIFEWATCH or anyone on its behalf, on the one hand, and YOU or anyone on YOUR behalf, on the other hand, relating to any or all of LIFE ALERT'S TRADEMARKS.

**REQUEST FOR PRODUCTION NO. 9:**

All agreements, proposed agreements, memorandums of understanding or the like between YOU and LIFEWATCH.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS which constitute, reflect or refer to communications of any kind (including, but not limited to, email, text messages, letters, Skype transcripts, etc.) between LIFEWATCH or anyone on its behalf, on the one hand, and YOU or anyone on YOUR behalf, on the other hand, relating to any agreements, proposed agreements, or memorandums of understanding.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to reflect the total number of customers obtained by YOU for LIFEWATCH.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS sufficient to reflect the total number of customer accounts sold by YOU to LIFEWATCH.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS which constitute, reflect or refer to communications of any kind (including, but not limited to, email, text messages, letters, Skype transcripts, etc.) between LIFEWATCH or anyone on its behalf, on the one hand, and YOU or anyone on YOUR behalf, on the other hand, relating to the solicitation of customers by YOU on behalf of or at the request of LIFEWATCH.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS which constitute, reflect or refer to communications of any kind (including, but not limited to, email, text messages, letters, Skype transcripts, etc.) between LIFEWATCH or anyone on its behalf, on the one hand, and YOU or anyone on YOUR behalf, on the other hand, relating to complaints from customers YOU obtained or tried to obtain for LIFEWATCH.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS which constitute, reflect or refer to communications of any kind (including, but not limited to, email, text messages, letters, Skype transcripts, etc.) between LIFEWATCH or anyone on its behalf, on the one hand, and YOU or anyone on YOUR behalf, on the other hand, relating to robocalling.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS, including copies of all audiotapes or recordings, of telephone conversations regarding medical alert systems with customers that YOU obtained for LIFEWATCH that were recorded at any time during the period beginning 2011 to the present.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to identify any companies that provide personal response services or products other than LIFEWATCH to which YOU sold customer accounts.

**REQUEST FOR PRODUCTION NO. 18:**

Copy of any of YOUR telemarketing licenses that were in effect during the period beginning 2011 to the present.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all agreements pursuant to which YOU obtained incoming phone calls or leads that generated customers or customer accounts that YOU sold to LIFEWATCH.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS which constitute, show, reflect or relate to payments made to YOU by LIFEWATCH at any time during the period beginning 2011 to the present.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS which constitute or relate to customer orders for medical alert systems submitted by YOU to LIFEWATCH.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS which show or reflect sales of customer accounts by YOU to LIFEWATCH.

(*See* Ex. A.)

Ellick did not serve any response or objections to the above requests for production contained in the Subpoena, nor did it move to quash the Subpoena.

**IV.    LIFE ALERT'S MOTION SHOULD BE GRANTED AND PRODUCTION MADE OF ALL RESPONSIVE DOCUMENTS WITHOUT OBJECTION**

"A Rule 45 subpoena is a discovery vehicle used against non-parties to, among other things, obtain documents relevant to a pending lawsuit." *Madeline L.L.C. v. Street*, 2009 WL 1563526, at *1 (S.D. Fla. June 3, 2009). Pursuant to Fed.R.Civ.P. 45, a non-party must either

comply with the subpoena, serve written objections, or move to quash within the timeframe provided under Fed.R.Civ.P. 45.  *See*, *e.g.*, Fed.R.Civ.P. 45(c)-(e); *see also* Fed.R.Civ.P. 45(d)(2)(B) ("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.").  If the non-party does not serve written objections with the time period allotted, the non-party waives all objections to the subpoena.  *See*, *e.g.*, *Stringer v. Ryan*, 2009 WL 3644360, at *1 (S.D. Fla. Oct. 30, 2009) ("A non-party waives any objections if she does not timely object to the subpoena."); *Madeline L.L.C.*, 2009 WL 1563526, at *1 ("A person subject to subpoena has 14 days from service to raise objections. Failure to timely raise objections results in waiver."); Local Rule 26.1(g) ("Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.").[10]

"Motions to compel disclosures and other discovery…are committed to the sound discretion of the trial court."  *Moore*, 2013 WL 1156384, at *1.  "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts."  *Id*.  "Courts construe relevance 'broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."  *Bailey Industries, Inc.,* 270 F.R.D. at 667; *see also Madeline L.L.C.*, 2009 WL 1563526, at *1 ("[A] party may use a Rule 45 subpoena to 'obtain discovery

---

[10] *See also Moore v. City of St. Augustine, Fla.*, 2013 WL 1156384, at *2 (M.D. Fla. Mar. 14, 2013) (non-party "waived any objections by failing to object within the provided time period"); *Bailey Industries, Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010) ("[A]s a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived … Thus, because CLJP has waived any objection to Bailey's invoice request, Bailey's motion to compel responses to the invoice request is due to be granted on this basis alone.").

regarding any non-privileged matter that is relevant to any party's claim or defense.' Of course, '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'") (quoting Fed.R.Civ.P. 26(b)(1)).

Ellick has failed to respond, object, or produce any documents responsive to the Subpoena. It likewise failed to move to quash within the timeframe provided under Fed.R.Civ.P. 45(d)(3). It has, therefore, waived all objections to the Subpoena.

Ellick has also unquestionably withheld relevant and responsive documents without justification or excuse. For example, Ellick has not produced a "Purchase Agreement," any drafts of it, or any communications related thereto. Nor has Ellick provided any documents related to the number of customers obtained by Ellick for LifeWatch, communications related to those customers, or payments made to Ellick for those customers. Each of these categories of documents was requested by Life Alert (*see*, *e.g.*, Ex. A at Document Request Nos. 9, 10, 11, 12, 13, 19, 20, 21 and 22), is relevant to Life Alert's claims against LifeWatch, and must be produced by Ellick.

By way of further example, Ellick has not produced any communications at all, despite the fact that communications with LifeWatch are responsive to numerous of Life Alert's document requests. (*See* Ex. A at Document Request Nos. 2, 4, 6, 7, 8, 10, 13, 14, and 15.) Further, as an outside seller/telemarketer, Ellick should have been provided a copy of the preliminary injunction issued by the California District Court (pursuant to the California District Court's order), but Ellick has not produced the document itself or any communications related to it. They are responsive to at least Document Request Nos. 7 and 8.

Finally, Ellick has withheld even those documents that support the conclusory contentions in the declaration it submitted on behalf of LifeWatch. It goes without saying such

documents are responsive to the Subpoena, which calls for, *inter alia*, copies of all telemarketing scripts, communications with LifeWatch related to those scripts, all agreements between Ellick and LifeWatch, all communications with LifeWatch related to customer solicitation, customer complaints, and robocalling, the identity of any companies besides LifeWatch to which Ellick has provided personal response services or products, all audiotapes or recordings of conversations with customers that Ellick obtained for LifeWatch, and documents reflecting customer orders and accounts sold by Ellick to LifeWatch.  (Document Requests 1-2, 9 13-17, 19, 21-22.)  Indeed, the Subpoena specifically calls for "all declarations or affidavits signed by [Ellick] that [it] provided to LIFEWATCH and any drafts thereof," and all communications between Ellick and LifeWatch regarding any declaration signed by Ellick.  (Document Requests 5-6.)  Ellick failed to provide those responsive documents, as well.  Ellick's blatant refusal to honor its discovery obligations while simultaneously providing assistance to LifeWatch in the California Action should not be countenanced by the Court.

For all of the above reasons, Life Alert's motion should be granted, and Ellick should be compelled to produce *all* documents responsive to the Subpoena and verify, under oath, that all responsive documents have been produced. Pursuant to an agreement between Life Alert and LifeWatch, should Ellick produce any documents that identify customers, the customer information will be redacted by Life Alert and such redaction will be shown to LifeWatch.

## V. CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION (LOCAL RULE 7.1(A)(3)(A)

Pursuant to Local Rule 7.1(a)(3)(A), Life Alert certifies that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.  Specifically, Counsel for Life Alert contacted Ellick in a good faith effort to resolve this dispute without

intervention of the Court, but has been unable to reach a resolution, as Ellick refuses to respond to Life Alert's communications or engage in any way in the meet and confer process.

## VI.    CONCLUSION

For all the foregoing reasons, Life Alert respectfully requests that the Court enter an order:  (1) directing Ellick to comply with the Subpoena, produce *all* responsive documents without objection, and verify, under oath, that all responsive documents have been produced; and (2) granting such other and further relief as the Court deems just and proper.

December 19, 2014                                          Respectfully submitted,

                                                                              SHUTTS & BOWEN LLP
                                                                              *Attorneys for Movant and Plaintiff*
                                                                              *Life Alert Emergency Response, Inc.*
                                                                              1500 Miami Center
                                                                              201 South Biscayne Boulevard
                                                                              Miami, Florida  33131
                                                                              (305) 358-6300 Telephone


                                                                       By:  */s/ Stephen B. Gillman*
                                                                              Stephen B. Gillman
                                                                              sgillman@shutts.com
                                                                              Florida Bar No. 196734

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via hand delivery or mail this 19th day of December 2014, on all counsel or parties of record on the Service list below:

By: */s/ Stephen B. Gillman*
OF COUNSEL

| | |
|---|---|
| Ellick BPO Solutions Inc.<br>1633 Greer Avenue<br>Homestead, Florida 33035 | William Armstrong<br>Armstrong & Associates, LLP<br>One Kaiser Plaza, Suite 625<br>Oakland, California 94612<br>(510) 433-1191<br>Email: bill.armstrong@armstrongetal.com<br><br>*Attorneys for California Action Defendant LifeWatch, Inc.* |
| Gregory B. Wood<br>Todd M. Malynn<br>Feldman Gale, P.A.<br>880 West First Street, Suite 315<br>Los Angeles, CA 90012<br>Tel: 213-625-5992<br>Fax: 213-625-5993<br>Email: gwood@feldmangale.com<br>         tmalynn@feldmangale.com<br><br>*Attorneys for California Action Defendant Live Agent Response 1 LLC* | Jason Sultzer / Joseph Lipari<br>The Sultzer Law Group<br>77 Water Street, 8th Floor<br>New York, New York 10005<br>Phone: 646-722-4266 / Fax: 888-749-7747<br>Email: sultzerj@thesultzerlawgroup.com<br>         liparij@thesultzerlawgroup.com<br><br>*Attorneys for California Action Defendant LifeWatch, Inc.* |